Mobpiiy, J.
delivered the opinion of the court.
[175] The appellant complains of the dissolution of an injunction on the ground- of the insufficiency of the affidavit he had made to obtain it. His oath was, “ that all the facts in the petition stated as within his knowledge are true, and those not stated as within his knowledge he believes to be true.” This affidavit was made in strict accordance with the form suggested as the proper one by this court in Reboul's Heirs v. Behrens, 5 La. Rep. 81 í but a party swearing in this way should be held to state distinctly in his petition the facts which are within his knowledge and those which he has only reason to believe, otherwise the oath would be wanting in that explicitness which is necessary to subject the affidavit to the penalties of perjury, if the facts sworn to prove to be different.
The plaintiff’s petition is not perhaps as satisfactory in this respect as could bo desired. On examining it, however, we find that the only fact not stated positively and as within plaintiff’s knowledge, is that relative to the transfer of the notes sued on, to the plaintiff, he alleges “ that he believes and expects to prove that the transfer of the notes was made by the payee thereof to the plaintiff after they became due; or if transferred before., were so transferred without consideration, only for the purpose of collection, and in fraud of his rights as between vendor and vendee.” All the other facts of the petition necessary to entitle the plaintiff to an injunction are set forth, not in a qualified manner, but positively and as within his knowledge. They are, that the lot bought by him forms a part of the property now claimed by the heirs of Poultney, and for which suit is pending in the United States court; that he fears he will be disquieted in his title and possession to said property by the said heirs, and that at the time of purchasing he had no knowledge of any adverse claim. To his petition-he annexed the proceedings in the United States court, from which it appears that there was an intention -of claiming this particular lot inasmuch as plaintiff’s vendor and her husband, Kline, were made parties to the suit. With such a showing on record we think that the [176] affidavit should have been held sufficient. But it is said that admitting the sufficiency of the affidavit the plaintiff has failed to prove as he was bound to do, on the trial of the rule, the truth of the facts alleged in his petition ; and particularly that relative to the defendant’s want of title to the *109 notes sued on. To this it has been answered that the affidavit having been found insufficient, it became unnecessary to proceed to the proof of any fact set forth in it. Justice, we think, requires that the case should be remanded for further proceedings on the other grounds set forth in the rule taken on the plaintiff for the dissolution .of the injunction.
It is therefore ordered, that the judgment of the district court be reversed, and the case remanded for further proceedings. The appellee paying the costs of this appeal.